UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08097-SVW-E | Date | 1/15/2020 |
|---|---|---|---|
| Title | *Adrianna Martinez v. FCA US LLC et al* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO STRIKE [19], [22]

On August 15, 2019, Plaintiff Adrianna Martinez ("Plaintiff") filed this lawsuit in California state court against FCA US LLC ("FCA"). Dkt. 1-2. Plaintiff alleged numerous violations of California's Song-Beverly Act (as well as a breach of the implied warranty of merchantability) regarding a 2018 Dodge Durango leased by Plaintiff on Aug. 25, 2018. *Id.* On September 18, 2019 FCA filed a Notice of Removal with this Court on the basis of diversity jurisdiction, asserting that the parties are completely diverse, and that the amount in controversy exceeds $75,000. Dkt. 1. FCA then filed an Answer on Sept. 25, 2019. Dkt. 11.

On October 4, 2019 Plaintiff filed a First Amended Complaint ("FAC"), which added a second defendant, Champion Dodge, LLC ("Dealership"), who is alleged to be an auto dealership operating in California. Dkt. 14 at 3. Plaintiff includes a breach of the implied warranty of merchantability against the Dealership. *Id.* Plaintiff then moved to remand the case to state court, arguing that complete diversity no longer exists. Dkt. 19. FCA has filed a motion to strike, asserting that the Dealership should be stricken from Plaintiff's First Amended Complaint. Dkt. 22. For the reasons articulated below, Plaintiff's motion to remand is GRANTED and Defendant's motion to strike is DENIED.

1. **Plaintiff's Motion to Remand to State Court**

Plaintiff's motion to remand this case asserts that because the Dealership has been added to this action as a defendant and is domiciled in California (like Plaintiff), complete diversity under 28 U.S.C. §

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08097-SVW-E | Date | 1/15/2020 |
| Title | *Adrianna Martinez v. FCA US LLC et al* | | |

1332(a) no longer exists, depriving this Court of jurisdiction and requiring remand. Dkt. 19-1 at 1. Plaintiff also asserts that her FAC was properly filed because pursuant to Fed. R. Civ. P. 15(a)(1)(B), the FAC was filed within 21 days of service of a responsive pleading (FCA's Answer here) by filing it Oct. 4, 2019 following FCA's Answer filed on Sept. 25, 2019. Dkt. 28 at 2.

FCA opposes Plaintiff's motion to remand, and argues that because adding the Dealership as a non-diverse defendant would destroy diversity jurisdiction, the appropriate standard to evaluate Plaintiff's motion under is instead 28 U.S.C. § 1447(e), which provides that after an action is removed, amd "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Dkt. 26 at 4. FCA then argues that Plaintiff's FAC included the Dealership as a defendant solely to defeat diversity jurisdiction, and that under the relevant legal standard for considering joinder of non-diverse parties (the *Murphy* factors commonly applied in the Central District of California), joinder of the Dealership should be denied along with the motion to remand. *Id.* at 4-7. In response, Plaintiff argues that the *Murphy* factors favor permitting joinder of the Dealership (and remand to state court), and that prior to additional investigation undertaken following the filing of this lawsuit in preparation for initial disclosures, Plaintiff did not realize that an implied warranty claim against the Dealership was also warranted by the facts of the case. Dkt. 28 at 4.

The Court agrees with the substantial weight of district court opinions in the Ninth Circuit choosing to analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard. *See Marroquin v. Target Corp.*, 2019 WL 2005793, at *4-5 (C.D. Cal. May 7, 2019) (collecting cases); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014). This approach is appropriate because it permits courts to determine whether any amendment "as of right" to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant. *See Marroquin*, 2019 WL 2005793, at *5.

Therefore, the Court chooses to construe this motion to remand as a motion for leave to amend subject to consideration of the *Murphy* factors under 28 U.S.C. § 1447(e). *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). These factors include:

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08097-SVW-E | Date | 1/15/2020 |
| Title | *Adrianna Martinez v. FCA US LLC et al* | | |

1. Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a)
2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
3. Whether there has been unexplained delay in seeking the joinder;
4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;
5. Whether the claim against the new party seems valid;
6. The possible prejudice that may result to any of the parties in the litigation;
7. The closeness of the relationship between the new and the old parties;
8. The effect of an amendment on the court's jurisdiction; and
9. The new party's notice of the pending action.

*Id.* The Court is satisfied here that Plaintiff has adequately demonstrated that these factors favor permitting the joinder of the Dealership as a defendant, and subsequent remand of this case. Plaintiff has adequately explained the delay in seeking to add the Dealership, the Dealership is clearly closely related to FCA as the seller of the vehicle manufactured by FCA, and Plaintiff has adequately stated a claim for a breach of the implied warranty of merchantability under California law. Dkt. 14 at 9-10. Given the alleged 2018 purchase date, any implied warranty claim would not be time-barred under California law. FCA has not asserted that any prejudice will accrue to either FCA or the Dealership as a result of joinder, and any analysis of FCA and the Dealership's respective liability for an implied warranty claim will necessarily entail multiple overlapping questions of fact and law that should be decided together. Because the *Murphy* factors weigh in favor of Plaintiff's motion at this early stage and given that Plaintiff appears to have validly asserted a claim against a closely related defendant, the Court finds the amendment here valid under § 1447(e), and accordingly GRANTS the motion to remand to state court.

2. **Defendant's Motion to Strike Plaintiff's First Amended Complaint**

FCA's motion to strike Plaintiff's FAC in its entirety relies on the premise that because Plaintiff did not seek the leave of this Court to amend its complaint prior to filing, it should be stricken. Dkt. 22-1 at 3-4. However, as discussed above, because Plaintiff was within the 21 days of service of a responsive pleading (FCA's Answer), even though this Court ultimately chose to analyze Plaintiff's motion under the higher standard required by 28 U.S.C. § 1447(e) when joinder would destroy diversity jurisdiction,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08097-SVW-E | Date | 1/15/2020 |
| Title | *Adrianna Martinez v. FCA US LLC et al* | | |

the Court finds Plaintiff's motion procedurally proper given the natural conflict between Rule 15(a)(1)'s authorization of amendment "as of right" and § 1447(e)'s restrictions on joinder of defendants who would destroy diversity. Defendant's motion is therefore DENIED.

: 

Initials of Preparer  PMC